May it please the court, Pete Skro for the appellant, Raul Fernandez. I would like to reserve three minutes of time for rebuttal. I would like to focus on arguments one and two and stand on the arguments raised in argument three in the opening and reply brief. In this case, there was no physical evidence linking Mr. Fernandez to the crime, no statement from Mr. Fernandez admitting involvement in the crime, and no witness at trial identifying him as the shooter. The state's entire case depended on the prior inconsistent statements of Esteban Perez that were admitted subsequently. Now, there was substantial evidence that Mr. Perez was involved in the planning and commission of this crime, and defense counsel requested to accomplish witness instruction. The trial court, I believe erroneously, relied on Perez's denial when it refused the instruction, which of course is not the correct standard. Getting to your point, Justice Smith, is what is the evidence that Mr. Perez was involved in this crime? Well, let's look at the state's theory of this case. This was supposedly a killing done in revenge for Mr. Torres having marijuana stolen from him. Mr. Torres asked Mr. Perez if he knows the identity of the person who committed the theft. Mr. Perez obtains that information. Mr. Perez accompanies Mr. Torres and Mr. Fernandez on a mission to get revenge for this crime. He knows what kind of car the victim drives. When they see the car, they stop and get out, and that's when this crime allegedly occurs. Now, Mr. Perez even admits that he was going on this mission to commit an arson to get revenge for this theft. Is there evidence that he was actually going to commit arson or simply going to observe the arson being committed by the other two individuals? Well, the evidence, I think, could support that he knew that he helped them in the commission of this arson or murder because they needed to find out the person who committed the crime. He found that information out. When he went with them, he knew what kind of car the victim drove. So I think that's aiding right there. Now, he denied knowing – well, he actually admitted that he knew the arson was going to take place. So yes, there is evidence that he knew that was going to take place. Denial of actually – What did he do to aid or vet the arson? Well, like I said, I think finding out the person and identifying the car right there is aiding and vetting because they wouldn't have possibly been able to commit this crime without him. But also, I think if you look at the factors that courts look at to determine whether someone could be accountable for a crime, of course, we're not just going to accept their denial. I mean, this is for a reasonable doubt. They say presence at the scene of the offense, a close association with the person who commits it after the offense is committed, fleeing the scene, and failure to go to the authorities. Every single one of those factors was met here. Mr. Perez is at the scene of the crime. He flees the scene. He has a close association with them. They're in the same – this is, you know, part of this allegedly a gang reprisal from a rival gang that committed this theft. And he doesn't go to the authorities until they track him down a month after this crime. So I think if you look at the cases that are dealing just with whether you can infer accountability, all of the factors are met here. And once again, whether the instructions should be given is not whether you can prove beyond a reasonable doubt. It strictly is whether there's a probable cause to believe he did that. I also think since he admitted knowledge of this arson and helping to aid and abet this by getting the identity of the person who committed the theft and everything, there's a saying that I see all the time by state's attorneys in closing argument dealing with accountability that says, in for a penny, in for a pound. And I think that deals with common design. So, you know, once he admits that he's going to accompany them in this arson, he helps them commit this arson by finding out the identity of the person, being able to identify the car. The crime, any crime that occurs in this trip of a – this revenge trip, he's on the hook for. Or he could be on the hook for. Once again, I must reiterate, we're not – we don't have to prove that Mr. Perez was guilty beyond a reasonable doubt. Just whatever's probable cause. And some of the cases that we've looked at involve situations where a witness knew that a battery was going to be committed upon a person and the battery turned into a murder. In this case, we have a situation where the – there was a property crime that was going to take place. And then the vaccine. How does that affect this case? Well, I think that the – Let me just say, would this be a different case if there was somebody in the car and they set the car on fire and they burned to death in the car? Or would the result be the same in your mind with the shooting? Well, I think the result would be the same because this whole trip was about getting revenge. And when you go to commit an arson on someone's car, you set out on that path of revenge with an arson. So if a shooting had occurred as a result of this starting the arson, I think you're – like I said, you're in – for a penny, you're in for a pound. So, I mean, I think that would make it a more clear cut. But I also think we need to remember that just because Mr. Perez denied that he knew the shooting was going to take place, that's not whether the instruction should be given or not. In Cobb, the accomplice witness, the witness, she denied that she knew that there was a murder or a robbery going to take place. She just said she was – she drove him, she sat in the car, and she didn't find out a crime had been committed until the next day. And the courts rightly said, we don't just look at whether they deny. I mean, Cobb is very factually similar to this in that there's really nothing directly – the witness in Cobb says, no, I didn't know a crime had been committed. The court says, well, that's not the standard. Just say, deny. And in Cobb, they looked at the fact that she didn't go to the police until three weeks later. What happened here? Mr. Perez, he never went to the police. They tracked him down a month after this. So I think that's definitely – you can still infer that arson or shooting, this was all part of a revenge trip. And the fact that Mr. Perez denies that a shooting was going to – I think we need to look back at what is the purpose of the accomplice witness instruction? It's the recognition that there's a unique relationship between a potential accomplice and a prosecutor. So when they track Mr. Perez down and he says, oh, I didn't know this was going to happen, that's not really that surprising. And I think that's precisely why the instruction needs to be given. How would the instruction have helped the defendant's case any more than Mr. Perez seemed to be trying to help the defendant's case by claiming a lack of memory? Well, I think that the instruction would have – the reason for the instruction is that the jury needs to be told to view an And so therefore, I think for the judge to specifically instruct the jury that they needed to view this testimony with caution would have helped the defendant, which is why he wanted it, which is why the defendant and cop wanted it. I mean, in all the cases dealing with this, it's precisely that reason.